UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| E STREET OWNER, LLC, | ) |
| 4601 North Fairfax Drive, Suite 1150 | ) |
| Arlington, Virginia 22203 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The Cincinnati Insurance Company ("Cincinnati" and/or "Plaintiff"), by counsel, pursuant to 28 U.S.C. § 2201, *et seq.*, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Complaint for Declaratory Judgment against the defendant, E Street Owner, LLC ("E Street" and/or "Defendant").

**PARTIES**

1. Plaintiff Cincinnati is an insurance company formed and existing under the laws of the State of Ohio, with its principal place of business located in the State of Ohio. Cincinnati is, therefore, a citizen of the State of Ohio, and is not a citizen of the Commonwealth of Virginia or District of Columbia.

2. Defendant E Street is a limited liability corporation whose members are, upon information and belief, citizens of the Commonwealth of Virginia and District of Columbia, and are not citizens of the State of Ohio. Defendant E Street, at all relevant times, was the owner of

the property at issue in this action, which is located in the District of Columbia, and has its principle office in Arlington, Virginia.

## JURISDICTION AND VENUE

3.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  The venue of this action is properly predicated on 28 U.S.C. § 1391 and Rule 3(B)(1) of the Local Rules of the United States District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred, in which at least one defendant resides or does business, and/or in which at least one defendant is subject to personal jurisdiction.

5.  Jurisdiction and venue also are properly predicated on the fact that the insurance contract at issue was entered into and delivered in Arlington County, Virginia, and, under the principle of *lex loci contractus*, that Virginia law applies.

## BACKGROUND

6.  Cincinnati issued Builders Risk Policy No. CAP 524 8313 to E Street, located in Arlington, Virginia, effective from November 21, 2017 through August 31, 2019 ("Insurance Contract"). A copy of the Insurance Contract is attached hereto as Exhibit 1, and is incorporated herein by reference. The "Schedule of Locations" found within the Insurance Contract reflects the subject construction location as 1339 E Street SE, Washington, D.C. (the "Project"), subject to a $36,000,000.00 limit.

7.  The Project is a four-story, multi-family residential structure consisting of a

concrete foundation with upper floors – framing, sheathing, and trusses – constructed of wooden materials.

8. Upon information and belief, upper floor construction on the Project began in July 2018 and was substantially completed by October 2018. During this time period, many of the wooden building materials were exposed to rain. Wooden building materials were left exposed to rain water due to E Street's error or omission in failing to protect the materials from the elements during construction.

9. On or about October 30, 2018, E Street notified Cincinnati that it had sustained a loss as a result of moisture and mold in or on the wooden building materials (the "Loss").

10. Cincinnati, with the assistance of retained experts, investigated and evaluated the Loss. Cincinnati determined that the Loss was caused by the growth of mold. Cincinnati further determined that the building did not have any damaged wooden materials that would require replacement. In short, the building did not sustain structural damage to wooden materials as a result of water and mold exposure.

11. On or about April 24, 2019, E Street submitted an "executive summary" of its claim arising from the Loss (the "Claim"), with supporting documentation, and on June 12, 2019, submitted an Amended Proof of Loss, claiming a total loss of $787,780.00 for damage to the Project and $674,177.00 for associated "soft costs" and lost income.

12. Cincinnati files the instant Complaint for Declaratory Judgment asking this Court to declare that Cincinnati has no duty under the Insurance Contract to indemnify E Street in connection with the Claim, as the Loss was not fortuitous and, if fortuitous, is excluded from coverage.

13. Alternatively, Cincinnati seeks a determination that to the extent it has any duty

to indemnify E Street — which Cincinnati denies — Cincinnati's obligations are strictly limited to only those damages for which insurance benefits are provided by the Insurance Contract.

14. An actual, immediate controversy exists between Cincinnati and E Street to determine Cincinnati's obligations under the Insurance Contract to E Street arising out of the Claim.

## THE INSURANCE CONTRACT

15. The Insurance Contract provides, in relevant part, builder's risk insurance pursuant to the terms, conditions, limitations, exclusions, definitions, and other provisions of the Insurance Contract.

16. The Insurance Contract states as follows, in relevant part:

### BUILDERS' RISK INLAND MARINE COVERAGE FORM

\* \* \*

**A. COVERAGE**

    **1. Covered Property**

        **a. Buildings and Structures**

"We" cover direct physical loss caused by a Covered Cause of Loss to buildings and structures described on the "declarations" while in the course of construction, erection, or fabrication. This includes materials and supplies which will become a permanent part of the buildings or structures, all while located on the premises of the building or structures described on the "declarations", or within 1,000 feet of such premises. This also includes foundations, excavations, grading and filling.

\* \* \*

    **3. Covered Causes of Loss**

"We" cover risks of direct physical loss unless the loss is:

  **a.**  Limited by this coverage form; or

  **b.**  Caused by a peril that is excluded.

* * *

**B.** **EXCLUSIONS**

* * *

**2.** "We" do not pay for loss caused by or resulting from the following:

 **a.** **Contamination or Deterioration** – "We" do not pay for loss caused by contamination or deterioration including corrosion, disease, decay, fungus, mildew, mold, rot, rust, or any quality, fault, or weakness in the Covered Property that causes it to damage or destroy itself.

* * *

**3.** "We" do not pay for loss or damage if one or more of the following exclusions apply to the loss. But if lost by a Covered Cause of Loss results "we" do pay for the resulting loss.

 **a.** **Defects, Errors, and Omissions** – "We" do not pay for loss caused by an act, defect, error, or omission (negligent or not) relating to:

  **(1)** Design, specifications, construction, or workmanship;

  **(2)** Planning, zoning, development, siting, surveying, grading, or compaction; or

  **(3)** Maintenance, installation, renovation, remodeling, or repair.

* * *

 **e.** **Temperature/Humidity** – "We" do not pay for loss caused by dampness, dryness, or changes in or extremes of temperature.

(Exhibit 1, Form MA 112 08114).

17. By enumerating certain provisions of the Insurance Contract, Cincinnati does not waive any terms, conditions, limitations, exclusions, definitions or any other provisions of the Insurance Contract. Cincinnati reserves the right to assert any other specific provisions of the Insurance Contract to the extent they become relevant to any allegations in this Complaint for Declaratory Judgment.

## REQUEST FOR DECLARATORY JUDGMENT
**(The Insurance Contract Does Not Provide Coverage for the Insurance Claim)**

18. Cincinnati restates the preceding and following allegations of this Complaint for Declaratory Judgment as if fully set forth herein.

19. The Insurance Contract provides coverage for "direct physical loss caused by a Covered Cause of Loss to buildings and structures described on the 'declarations' while in the course of construction, erection, or fabrication." (Exhibit 1).

20. The Insurance Contract defines "Covered Causes of Loss" as "direct physical loss" unless the loss is limited by the applicable coverage form or caused by an excluded peril. (Id.).

21. The "Contamination or Deterioration" Exclusion of the Insurance Contract excludes from coverage losses caused by or resulting from contamination or deterioration, including, but not limited to corrosion, decay, fungus, mold, and rot. (Id.).

22. The "Defects, Errors, and Omissions" Exclusion of the Insurance Contract further excludes loss or damage caused by acts, defects, errors, or omissions relating to construction or workmanship. (Id.).

23. The "Temperature/Humidity" Exclusion of the Insurance Contract further excludes loss caused by dampness, dryness, or changes in or extremes of temperature.

24. The Loss at issue falls within the Contamination or Deterioration Exclusion of the Insurance Contract because the Loss was caused by corrosion, decay, fungus, mold, and/or rot; therefore, there is no coverage for the Claim.

25. The Loss at issue falls within the Defects, Errors, and Omissions Exclusion of the Insurance Contract because of E Street's acts, defects, errors, and/or omissions in construction and its workmanship by failing to protect wooden building materials from rain exposure; therefore, there is no coverage for the Claim.

26. The Loss at issue falls within the Temperature/Humidity Exclusion of the Insurance Contract in that E Street's Claim involves alleged damage to building materials caused by dampness and/or temperature changes; therefore, there is no coverage for the Claim.

27. In addition, E Street has not established that the Loss comes within the insuring agreement of the Insurance Contract; that is, E Street has not established that it suffered a direct physical loss caused by a Covered Cause of Loss to buildings and structures, while in the course of construction, erection, or fabrication.

28. A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Cincinnati may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

29. Accordingly, Cincinnati seeks a declaration from this Court that Cincinnati has no duty to indemnify E Street, or anyone else, for any damages related to the Loss and Claim.

**RESERVATION**

30. Cincinnati reserves all of its rights under the Insurance Contract and applicable law. By seeking a declaratory judgment based on the foregoing provisions of the Insurance Contract, Cincinnati does not waive any potential coverage defenses pursuant to any terms, conditions, limitations, exclusions, definitions, or any other provision(s) of the Insurance Contract, or applicable law, including, but not limited to, defenses of lack of insurable interest, misrepresentation(s) in the application for insurance, and/or misrepresentation(s) in the presentation of the claim. Developments in connection with this Complaint for Declaratory Judgment, the Claim, and/or E Street's rights and obligations, may render additional defenses to coverage ripe for judicial determination.

31. Cincinnati reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**PRAYER FOR RELIEF**

WHEREFORE, Cincinnati respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Insurance Contract, including, but not limited to, the following:

(a) that Cincinnati has no duty under the Insurance Contract to indemnify E Street for any losses or damages arising out of the Claim;

(b) that the Insurance Contract does not provide coverage for any losses or damages arising out of the Claim, whether by settlement, judicial award, or otherwise; and,

(c) that this Court provide such further and supplemental relief as it deems necessary and proper, including but not limited to, an award of costs in favor of Cincinnati.

Done this ___ day of July, 2019.

        Respectfully submitted,

        THE CINCINNATI INSURANCE COMPANY

        By: /s/ Robert S. Reverski, Jr.

Robert Tayloe Ross (Va. Bar No. 29614)
Robert S. Reverski (Va. Bar No. 42383)
MIDKIFF, MUNCIE & ROSS, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600 (phone)
(804) 560-5997 (fax)
E-mail: rross@midkifflaw.com
E-mail: rreverski@midkifflaw.com
*Counsel for Plaintiff The Cincinnati Insurance Company*